# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| GINA CHARLES, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| GENERAL DYNAMICS | ) | **COMPLAINT FOR** |
| INFORMATION TECHNOLOGY, INC. | ) | **EMPLOYMENT** |
| | ) | **DISCRIMINATION** |
| | ) | |
| Defendant. | ) | **DEMAND FOR JURY TRIAL** |
| _____ | ) | |

## COMPLAINT

PLAINTIFF, GINA CHARLES ("Plaintiff"), by and through her undersigned counsel, hereby files this Complaint against the DEFENDANT, GENERAL DYNAMICS INFORMATION TECHNOLOGY, INC. ("Defendant" or "General Dynamics"), and states:

## JURISDICTION

1. This Court has jurisdiction over this action arising under a federal question pursuant to 28 U.S.C. § 1331, which provides district courts with jurisdiction over civil actions arising under the United States Constitution or laws of the United States.

2. This is an action for employment discrimination in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b). The acts and omissions giving rise to this action occurred in the Southern District of Florida, and Defendant conducts business and maintains facilities in South Florida and throughout the State of Florida.

Charles v. GDIT
Complaint – Discrimination Arising Under A.D.A.

4. Plaintiff, Gina Charles, resides in Miami Gardens, FL, Miami-Dade County.

5. The Plaintiff has complied with all conditions precedent to the filing of this lawsuit, including, without limitations, filing charge of a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and receiving its Notice of Right to Sue on or about March 19, 2019. A true and correct copy of the EEOC Right to Sue is attached hereto as **Exhibit "A"**.

## BACKGROUND

6. Defendant is a large national company with well over 50 employees.

7. On or about March 1, 2015, General Dynamics hired Plaintiff as a fraud detection specialist, based on Plaintiff's qualifications, unique skills, experience and education.

8. Over the course of approximately two years working uninterrupted for the Defendant, Plaintiff received multiple bonuses and raises in recognition of her exemplary work performance.

9. On or about June 27, 2016, Plaintiff was diagnosed with stage I breast cancer.

10. In or around July 2016, Plaintiff invoked her right to job-protected medical leave under the Family Medical Leave Act ("FMLA").

11. Defendant recognized and granted Plaintiff's request for medical leave.

12. In August 2016, Plaintiff underwent a bilateral mastectomy.

13. In October 2016, Plaintiff began chemotherapy.

14. In March 2017, Plaintiff began radiation therapy.

Case 1:19-cv-22513-DPG   Document 1   Entered on FLSD Docket 06/17/2019   Page 3 of 7

Charles v. GDIT
Complaint – Discrimination Arising Under A.D.A.

15. As a result of Plaintiffs intense and overlapping treatments to save her life, Plaintiff's disability was exacerbated and she was entirely incapacitated.

16. Through regular communications with her direct supervisor (Ms. Picton) and her human resources representative (Ms. Birnbaum), Plaintiff informed Defendant of the physically and mentally debilitating effects of her disability and treatment, including, without limitation, the bilateral mastectomy, the ongoing chemotherapy treatment, and the ongoing radiation therapy. Plaintiff specifically informed them that she was temporarily unable to work. *See* written communications between Plaintiff and Ms. Picton in her capacity as a Manager for General Dynamics attached hereto as **Exhibit "B"**.

17. By and through its agents and/or authorized employees, Defendant recognized and accepted Plaintiff's medical leave, verbally and in writing. *See* **Exhibit "B"**.

18. Ms. Picton assured Plaintiff multiple times over the course of her cancer treatment that Plaintiff's employment position would remain open until after Plaintiff completed her cancer treatment. She did not, however, provide or grant reasonable accommodations to Plaintiff because Plaintiff was incapacitated at that time. Plaintiff was under the reasonable impression that Ms. Picton was aware of the severity and effects of breast cancer and the intense treatment and surgeries that Plaintiff was undergoing. *See* **Exhibit "B"**.

19. Ms. Picton's communications with Plaintiff also indicated that Defendant had ample work available and a continuing need for Plaintiff's services. *See* **Exhibit "B"**.

20. Defendant did not object to Plaintiff's continuing and uninterrupted medical leave, and it did not provide any accommodations for Plaintiff's disability at any point during her treatment.

Case 1:19-cv-22513-DPG   Document 1   Entered on FLSD Docket 06/17/2019   Page 4 of 7

Charles v. GDIT
Complaint – Discrimination Arising Under A.D.A.

21. On or about November 7, 2016, while still on medical leave and in the midst of receiving debilitating radiation and chemotherapy treatments, Plaintiff received a package in the mail from Defendant. Plaintiff later learned that the package contained information regarding her medical leave and an extension of same.

22. In her physical and mentally impaired state, the effects of her disability, Plaintiff was unable to review the documentation. No one from Defendant called her to explain the contents of the package.

23. To understand the contents of the package, Plaintiff telephoned her HR representative, Ms. Birnbaum, requesting an explanation of the package and asking if any action need to be taken.

24. Ms. Birnbaum stated that the Defendant recognized Plaintiff's need for extended medical leave, that such medical leave was granted, and that no additional action was necessary. Plaintiff relied on her HR representative's representations and did not respond in writing to the written request.

25. On or about March 8, 2017, Plaintiff called Ms. Birnbaum to inform her of the status of her treatment and to discuss returning to work, including, without limitation, reasonable accommodations pending full recovery and a full time return to work.

26. During the conversation on March 8, 2017, Ms. Brinbaum stated that "she had dropped the ball" because she had not called Plaintiff to inform her that Ms. Attia, another manager at General Dynamics, had terminated Plaintiff without providing any notice and without regard for the medical leave granted by Ms. Picton, Plaintiff's direct supervisor, and affirmed by the HR department.

Case 1:19-cv-22513-DPG   Document 1   Entered on FLSD Docket 06/17/2019   Page 5 of 7

Charles v. GDIT
Complaint – Discrimination Arising Under A.D.A.

27. Plaintiff was summarily terminated without notice to Plaintiff, without providing reasonable accommodations, and despite Plaintiff's continuing qualifications and ability to perform the work.

28. Based on information and belief, General Dynamics had and continues to have sufficient work that Plaintiff is qualified to perform and that she performed to the satisfaction of her supervisors while employed by the Defendant.

29. Based on information and belief, Defendant has a steady workflow of investigative and fraud detection cases indicating that Plaintiff's position could have remained available to her without undue hardship to Defendant. Moreover, reasonable accommodations could have been made without undue hardship to the Defendant.

30. Based on information and belief, Defendant hired multiple fraud investigators following Plaintiff's improper termination, demonstrating ongoing availability of work for Plaintiff and that there would be no undue burden to Defendant had Plaintiff's position remained open until after Plaintiff recovered sufficiently from her disability.

31. Defendant, by and through its authorized agent(s), terminated Plaintiff's employment because of her disability.

## COUNT I:
## DISABILITY-BASED DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12112

32. Plaintiff incorporated and re-alleges paragraphs 1-31 as if fully set forth herein.

33. At all times relevant hereto, Plaintiff suffered from a disability as defined by 42 U.S.C. §12102.

Case 1:19-cv-22513-DPG   Document 1   Entered on FLSD Docket 06/17/2019   Page 6 of 7

Charles v. GDIT
Complaint – Discrimination Arising Under A.D.A.

34. Defendant's decision to terminate Plaintiff was a direct violation of 42 U.S.C. §12112(b)(5)(A) because it discriminated against Plaintiff with respect to the terms, conditions, or privileges of employment based Plaintiff's disability, which was unrelated to Plaintiff's ability to perform her duties as a fraud investigator.

35. Defendant did provide reasonable accommodations for the Plaintiff to allow her to perform her duties.

36. Defendant could have provided such reasonable accommodations to the Plaintiff without any undue hardship.

37. As a direct and proximate result of defendant's discrimination, Plaintiff has been deprived of economic and noneconomic benefits, including, but not limited to, lost wages, pain and suffering, mental anguish, loss of dignity, and loss of fringe benefits.

38. Defendant's conduct was willful and wanton and deprived Plaintiff of her rights as guaranteed under the Americans with Disabilities Act, thus entitling Plaintiff to an award of exemplary damages.

Wherefore, Plaintiff demands judgement against Defendant:

(a) declaring that the conduct engaged in by defendant and its management to be in violation of plaintiff's rights;

(b) awarding Plaintiff equitable relief of back salary and fringe benefits up to the date of judgment;

(e) awarding plaintiff compensatory and punitive damages pursuant to the Americans with Disabilities Act;

(f) awarding plaintiff emotional distress damages, lost benefits and prejudgment interest;

(g) awarding plaintiff costs and reasonable attorney's fees; and,

(h) granting such other relief as the Court may deem just and proper.

Charles v. GDIT
Complaint – Discrimination Arising Under A.D.A.

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims, defenses, and issues so triable in this entire case.

Respectfully Submitted,

**ALAYON & ASSOCIATES, P.A.**
135 San Lorenzo Avenue, Suite 820
Coral Gables, Florida 33146
Phone: (305) 221-2110
Fax: (305) 221-5321
Email: lford@alayonlaw.com
Pleadings@alayonlaw.com

By: /s/ Luke Ford
Luke Ford, Esq.
Florida Bar No. 121839